IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DEVON LEO PORTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 322-074 |
| | ) | |
| RICKEY WILCOX, | ) | |
| | ) | |
| Defendant. | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, incarcerated at Valdosta State Prison in Valdosta, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought case pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at Telfair State Prison ("TSP") in Helena, Georgia. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Defendant's motion for summary judgment be **GRANTED**, (doc. no. 32), a final judgment be **ENTERED** in favor of Defendant, and this civil action be **CLOSED**.

I.   PROCEDURAL BACKGROUND

Plaintiff initiated this action on July 11, 2022, naming the following Defendants: (1) TSP Warden Jermaine White; (2) Deputy Warden of Security Jacob Beasley; (3) Deputy Warden of Security Veronica Stewart; (4) Unit Manager Ricky Wilcox; (5) Dr. David Cheney; (6) Georgia Department of Corrections ("GDC") Commissioner Timothy C. Ward; (7) GDC Director of Operations of Facilities Robert Toole; and (8) Deputy Warden Tonja Keith. (Doc. no. 1, p. 1.) Because he is proceeding IFP, the Court screened Plaintiff's

1

complaint on October 5, 2022, and found Plaintiff had arguably stated a viable Eighth Amendment claim for deliberate indifference to a serious medical need against Defendant Wilcox. (Doc. no. 10.) In a simultaneously entered Report and Recommendation ("R&R") the Court recommended dismissal of Defendants White, Beasley, Stewart, Cheney, Ward, Toole, and Keith, as well as Plaintiff's failure to protect and conditions of confinement claims against Defendant Wilcox. (Doc. no. 8.) On November 22, 2022, United States District Judge Dudley H. Bowen adopted the R&R as the Court's opinion over Plaintiff's objections. (Doc. no. 17.)

Defendant Wilcox answered Plaintiff's complaint on December 28, 2022, and the Clerk issued a Scheduling Notice setting case deadlines. (Doc. nos. 25-27.) The case proceeded through the standard discovery period, during which Defendant took Plaintiff's deposition. (Doc. no. 32-1, "Porter Dep.") Defendant timely filed a motion for summary judgment, and the Clerk issued a notice concerning the summary judgment motion and the summary judgment rules, the right to file affidavits or other materials in opposition, and the consequences of failing to comply with the requirements for responding. (See doc. nos. 30-33.) The Court also issued its own order granting Plaintiff an extension of time to respond to Defendant's motion and again explained the rights and requirements associated with responding. (Doc. no. 34.) Therefore, the notice requirements of Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) (*per curiam*), are satisfied.[1]

In accordance with Local Rule 56.1, Defendant Wilcox included a Statement of

---

[1] The Court also explained summary judgment motions, along with the rights and requirements associated with responding, in its October 5, 2022 Order directing service of Defendant Wilcox. (Doc. no. 10, pp. 8-9.)

2

Uncontested Facts within his summary judgment motion.  (Doc. no. 32, pp. 3-5, "SUF.")  As evidentiary support for his SUF, Defendant relies on his sworn Declaration based on his personal knowledge and the transcript of Plaintiff's deposition.  (See Porter Dep.; doc. no. 31-2, "Wilcox Decl.")  The Court deems admitted all facts in the SUF which find support in the record and Plaintiff has not properly opposed.  See Scoggins v. Arrow Trucking Co., 92 F.Supp.2d 1372, 1373 n.1 (S.D. Ga. 2000); Fed. R. Civ. P. 56(e); see also Williams v. Slack, 438 F. App'x 848, 849-50 (11th Cir. 2011) (per curiam) (finding no error in deeming defendants' statements of material fact admitted where pro se prisoner failed to respond with specific citations to evidence and otherwise failed to state valid objection to statement).

However, this does not automatically entitle Defendant to summary judgment because as the movant, he continues to "shoulder the initial burden of production in demonstrating the absence of any genuine issue of material fact."  Reese v. Herbert, 527 F.3d 1253, 1268 (11th Cir. 2008); see also Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1303 (11th Cir. 2009).  Though Plaintiff did not respond to Defendant's summary judgment motion, Plaintiff provided sworn testimony at his deposition, and the Court will consider his testimony in its analysis.  (See Porter Dep.)  Accordingly, the Court will review the record, including Plaintiff's sworn deposition, "to determine if there is, indeed, no genuine issue of material fact."  Mann, 588 F.3d at 1303.

## II.     FACTS

The events giving rise to this lawsuit occurred while Plaintiff's housing unit was on lockdown for security reasons at TSP on May 8, 2021.  (Wilcox Decl., p. 1.)  At the time, Defendant was a unit manager overseeing Plaintiff's housing unit.  (Id.)

The details of the May 2021 seizure incident are largely undisputed. Plaintiff arrived at TSP "a couple of weeks" prior to the incident. (Porter Dep., p. 16.) Plaintiff suffers from epilepsy, has experienced seizures throughout his life, and takes medication to manage his epilepsy. (Id. at 20-22, 47-48.) Plaintiff does not recall whether TSP staff provided him epilepsy medication on May 7, 2021. (Id. at 48-49.)

At an unknown point during the night between May 7 and May 8, 2021, Plaintiff suffered a seizure. (Id. at 14, 19; Wilcox Decl., p. 3.) At the time of Plaintiff's seizure, Plaintiff's cellmate yelled for help, but no prison staff responded, as there were no officers assigned to Plaintiff's unit between 11:30 p.m. and 5:00 a.m. (Porter Dep., pp. 19-20, 23.) When Plaintiff regained consciousness after the seizure, his cellmate informed Plaintiff he had suffered a seizure while sleeping and Plaintiff noticed bumps on his head that had not been present when he fell asleep on May 7th. (Id. at 20, 22, 24-25.) Plaintiff was disoriented for a period following the seizure. (Id. at 25-26.)

Sometime on May 8th between 4:30 a.m. and 6:00 a.m., Defendant delivered breakfast trays to Plaintiff's unit since the lockdown prohibited prisoners from visiting the cafeteria. (Id. at 19, 32; Wilcox Decl., p. 1.) Plaintiff was leaning in the doorway of his cell when Defendant came to Plaintiff's cell to deliver breakfast trays. (Porter Dep., pp. 25-26.) When Defendant asked Plaintiff what was wrong, Plaintiff informed Defendant that he suffered a seizure in his sleep. (Id. at 20, 26; Wilcox Decl., p. 2.) Though Plaintiff sustained bumps on his head and was leaning on the door to his cell, he did not inform Defendant of the bumps and Defendant did not observe any physical symptoms suggesting Plaintiff needed immediate medical attention. (Porter Dep., pp. 43-44; SUF, ¶¶ 5-6.) Plaintiff recalls telling Defendant he needed medical attention, to which Defendant responded TSP is only a twelve-

hour medical facility and there was nothing Defendant could do to help. (Porter Dep., pp. 20, 28-29.) Defendant then allegedly slammed the door to Plaintiff's cell and walked away. (Id.)

Plaintiff did not receive any medical treatment on or in the several days following May 8th. (Id. at 40; SUF, ¶ 19.) Plaintiff told a nurse about his seizure at the following pill call and the nurse advised Plaintiff to put in a sick call request. (Porter Dep., p. 31.) However, due to the lockdown, Plaintiff did not have access to sick call forms. (Id. at 24, 31-32.) Plaintiff did eventually see a doctor after submitting various other sick call requests; his eventual medical care was not specific to the May 2021 seizure. (Id. at 40-42.) The bumps on Plaintiff's head went away following the seizure and Plaintiff does not report any ongoing medical concerns that arose from the May 2021 seizure. (See id. at 43-44, 59-60)

### III. DISCUSSION

Plaintiff generally alleges Defendant was deliberately indifferent to Plaintiff's serious medical needs by "denying Plaintiff Porter medical attention after having been alerted to Plaintiff having a seizure as well as both failing to relay information to the on-site physician and recording it in the log book." (Doc. no. 1, p. 14.) Plaintiff claims Defendant's deliberate indifference resulted in "pain, suffering, physical injury, and emotional distress." (Id.) Defendant, in response, argues that Plaintiff had no objectively serious medical need, Defendant did act with deliberate indifference to Plaintiff's safety, and Defendant's actions were not the proximate cause of Plaintiff's injuries. (Doc. no. 32, pp. 6-9.) Defendant also invokes a qualified immunity defense. (Id. at 9-11.) For the reasons stated below, the Court agrees with Defendant's summary judgment argument and need not address the qualified immunity argument.

5

A.     **Summary Judgment Standard**

Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted).

If the burden of proof at trial rests with the movant, to prevail at the summary judgment stage, the movant must show that, "on all the essential elements of its case . . . , no reasonable jury could find for the nonmoving party." United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1438 (11th Cir. 1991) (*en banc*). On the other hand, if the non-moving party has the burden of proof at trial, the movant may prevail at the summary judgment stage either by negating an essential element of the non-moving party's claim or by pointing to specific portions of the record that demonstrate the non-moving party's inability to meet its burden of proof at trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-08 (11th Cir. 1991) (explaining Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970), and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)).

If the moving party carries the initial burden, then the burden shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." Id. at 608. The non-moving party cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981). Rather, the non-moving party must respond either by affidavits or as otherwise provided in Federal Rule Civil Procedure 56. "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."

6

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (quoting Adickes, 398 U.S. at 158-59). A genuine dispute as to a material fact is said to exist "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

### B. Deliberate Indifference to a Serious Medical Need

To prevail on a claim for deliberate indifference to a serious medical need, Plaintiff must prove that: (1) he had a serious medical need—the objective component, (2) a defendant acted with deliberate indifference to that need—the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Goebert v. Lee Cty., 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010).

To satisfy the objective component, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)). To satisfy the subjective component, "a plaintiff must establish that the defendant (1) had subjective knowledge of a risk of serious harm, (2) disregarded that risk, and (3) acted with more than gross negligence." Johnson v. Lewis, No. 20-10150, 2023 WL 6613722, at *5 (11th Cir. Oct. 11, 2023) (citing Wade v. McDade, 67 F.4th 1363, 1366 (11th Cir. 2023), *vacated, reh'g granted*, No. 21-14275, 2023 WL 6613842 (11th Cir. Oct. 11, 2023)); see also id. at n.2 (recognizing that Eleventh Circuit "cases say both that the standard is 'more than mere negligence' and that it is 'more than gross negligence'" and applying the gross negligence standard).

In addition, a plaintiff alleging liability for deliberate indifference based on a delay in medical treatment "must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." Hill, 40 F.3d at 1188, *abrogated in part on other grounds by* Hope v. Pelzer, 536 U.S. 730, 739 n.9 (2002); see also Farrow v. West, 320 F.3d 1235, 1244 n.12 (11th Cir. 2003) ("In Hope v. Pelzer, 536 U.S. 730, 122 S. Ct. 2508, 153 L.Ed.2d 666 (2002), the Supreme Court criticized part of the qualified immunity analysis in Hill, but not Hill's analysis of what constitutes a serious medical need of prisoners.").

C.   **Plaintiff's Claim Fails Because He Cannot Establish Injury**

Given Plaintiff suffered a seizure and Defendant was undisputedly made aware of this fact, the Court assumes without deciding Plaintiff can establish he had a serious medical need and Defendant acted with deliberate indifference to that need. See Clark v. Noe, No. 216-920, 2016 WL 11266712, at *10 (N.D. Ala. Nov. 18, 2016) (noting delay in treatment could be reasonable where plaintiff's injuries appeared non-serious, but "when plaintiff suffered an apparent seizure, any reasonable person then would have to believe that immediate medical attention was necessary"). However, even assuming the objective and subjective components are met, Plaintiff's claim fails because he has not provided any evidence that Defendant's actions injured Plaintiff. Plaintiff alleges liability for deliberate indifference based on a delay in receiving medical treatment following a seizure but has failed to "place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment." See Hill, 40 F.3d at 1188. Stated otherwise, Plaintiff's claim fails because he does not offer any evidence he was injured by Defendant's acts or omissions with respect to any denial or delay of medical treatment following his seizure. See Cannon v. Corizon Med. Servs., 795 F. App'x 692, 698 (11th Cir. 2019) (*per curiam*).

8

When specifically asked at his deposition what injuries he suffered as a result of the seizure, Plaintiff noted that the only injury he sustained were the bumps on his head, which healed without medical intervention. (Porter Dep., pp. 43-44.) Plaintiff's complaint also described weakness on the right side of his body beginning in August 2021, (see doc. 1, pp. 9-10), but Plaintiff clarified at his deposition those symptoms were unrelated to the May 2021 seizure, (Porter Dep., pp. 43-44). No evidence on the record provides a basis for a finding that Plaintiff suffered more than "superficial, nonserious physical conditions," Hill, 40 F.3d at 1187, following his seizure, and the undisputed facts provide no basis for a reasonable juror to find Plaintiff suffered any exacerbation or harm from Defendant's denial or delay of Plaintiff's medical care.

In sum, Plaintiff cannot meet his burden of proof on all elements of his Eighth Amendment claim, and Defendant is entitled to summary judgment.

**D.     Qualified Immunity**

Because Defendant is entitled to summary judgment on the merits of Plaintiff's claim, the Court need not address Defendant's qualified immunity argument. See Scott v. Harris, 550 U.S. 372, 377 (2007) (requiring showing of violation of a constitutional right to complete qualified immunity analysis); Grochowski v. Clayton Cnty., Ga., 961 F.3d 1311, 1319 (11th Cir. 2020) (same); see also Martinez v. Burns, 459 F. App'x 849, 851 n.2 (11th Cir. 2012) (*per curiam*) (recognizing no need to address qualified immunity defense when summary judgment granted on substance of deliberate indifference claim).

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendant's motion for summary judgment be **GRANTED**, (doc. no. 32), a final judgment be **ENTERED** in favor of Defendant, and this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 18th day of October, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA